UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00819-JAK (SSCx) | Date | February 24, 2026 |
| Title | Saul Cruz Flores V. Luis Antonio Duran Sanchez, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| M. Lindaya | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR ORDER TO SHOW CAUSE (DKT. 2)

## I.  Introduction

On February 20, 2026, Petitioner filed the Petition in this action (Dkt. 1) and a Motion for Temporary Restraining Order and Order to Show Cause ("Motion" (Dkt. 2)). Through the Motion, Petitioner seeks the issuance of an order requiring that he be provided an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), and in which it is stated that an individual in Petitioner's position is entitled to a bond hearing before an immigration judge under 6 U.S.C. § 1226(a).

On February 23, 2026, Respondents submitted a response to the Motion (Dkt. 6). Respondents concede that "Petitioner appears to be a member of the Bond Eligible Class" in *Bautista v. Santacruz*, No. 25-CV-01873, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), for which final judgment has been entered. *Bautista v. Noem*, No. 25-CV-1873, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

For the reasons stated in this Order, the Motion is **GRANTED**.

## II.  Factual Background

Petitioner is a 40-year-old citizen of Mexico. Dkt. 1 ¶ 72. On or around September 1, 2008, Petitioner entered the United States without inspection. *Id.* Petitioner has continuously resided in the United States for more than 15 years. Dkt. 2 ¶ 1. During that time, Petitioner has developed community ties. *Id.* ¶ 4. He lives with his brother, with whom he shares living expenses, and he supports his elderly parents. *Id.*

On December 11, 2025, Petitioner was detained by Immigration and Customs Enforcement ("ICE") while he was at work, and was then placed in removal proceedings. *Id.* ¶¶ 2, 3. Since then, he has been detained at Adelanto Contract Detention Facility. *Id.* Petitioner alleges that his family members depend on him emotionally and financially and have suffered hardship since his detention. *Id.* ¶ 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00819-JAK (SSCx) | Date | |
|---|---|---|---|
| Title | Saul Cruz Flores V. Luis Antonio Duran Sanchez, et al. | | |

### III. Discussion

On November 25, 2025, the following class was certified in *Bautista v. Santacruz*:

> **Bond Eligible Class:** All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Bautista*, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025), *judgment entered sub nom. Bautista v. Noem*, No. 25-CV-1873, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

Petitioner entered the United States in 2008 without inspection and was not apprehended upon arrival. Dkt. 1 ¶ 72. It has not been shown that he is subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. *Id.* Respondents do not contest Petitioner's membership in the Bond Eligible Class. *See* Dkt. 6 at 2. Instead, they state: "Federal Respondents acknowledge that Petitioner's claim in this action appears to be subject to the *Bautista* judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it. To the extent a bond hearing is ordered here, it should be consistent with what Courts in this District have generally ordered in similar cases, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days." *Id.*

As acknowledged by Respondents, and as declared in the Final Judgment in *Bautista*, those in the Bond Eligible Class, including Petitioner, are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Instead, they are detained under 8 U.S.C. § 1226(a) and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge. *Bautista*, 2025 WL 3678485.

Accordingly, Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of issuance of this Order. The immigration judge shall be advised that she or he has jurisdiction to consider whether a bond for Petitioner is appropriate pending the completion of the immigration proceedings.

### IV. Conclusion

For the foregoing reasons, the Motion is **GRANTED**. Further, within eight days of the issuance of this Order, Respondents shall file a status report as to whether the bond hearing has occurred, and if not, the date for which it has been scheduled. If it has occurred, the report shall include a statement as to its outcome. Respondents shall not transfer, relocate, or otherwise remove Petitioner from the Central District of California without further order of the Court and pending final resolution of this litigation. If released on bond, Petitioner shall not be re-detained unless Respondents demonstrate at a second bond hearing, by clear and convincing evidence, that he is a flight risk or danger to the community and that no conditions other than his detention would be sufficient to prevent such harm.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00819-JAK (SSCx) | Date | |
|---|---|---|---|
| Title | Saul Cruz Flores V. Luis Antonio Duran Sanchez, et al. | | |

Respondents are ordered to show cause why a preliminary injunction should not issue. *See* C.D. Cal. L. R. 65-1. Respondents shall file any written response to the Order to Show Cause ("OSC") no later than March 4, 2026. Petitioner shall file any reply no later than March 9, 2026. Based on a review of the briefing on the OSC, a determination will be made whether to schedule a hearing or to take the matter under submission.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer    LC1